Attorneys for the parties are now in agreement that the trial court has complied with our order remanding this case to the trial court with directions that it conduct another sentence hearing for the purpose of determining whether appellant's previous felony conviction met the requirement of his having been represented by counsel. The attorneys agree also that, if the trial court determined that the previous felony conviction did not meet such requirement, the trial court should fix the punishment within the limits prescribed by the statutory law of Alabama for an assault in the first degree, as the trial court in its sound discretion deemed appropriate, without any enhancement thereof by reason of the previous felony conviction, and sentence defendant accordingly. Counsel for the parties further agree that a new sentence hearing was conducted and the trial court fixed defendant's punishment at imprisonment for fifteen years instead of imprisonment for twenty years as fixed by the trial court on the original sentence hearing, it appearing that the trial court concluded the defendant was not represented by counsel on any previous felony conviction.
In the brief of counsel for appellant, he complains of the trial court's ruling in "not allowing Tex Weed to present evidence directed toward mitigation of the sentence handed down by the Court." We agree with the appellee's reply brief to the effect that the action requested by appellant and denied by the trial court at the last sentence hearing did not come within the scope of the directions given the trial court in the order remanding the cause to the trial court for another sentence hearing.
The judgment of the trial court from which this appeal is taken, as modified at the last sentence hearing, should now be affirmed.
AFFIRMED.
All the Judges concur. *Page 896